IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Troy Luke Burks, # 160726, ) | |
| ) | CA No. 3:02-4014-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| John R. Pate, Acting Warden; ) | |
| Betty E. Albritton, Disciplinary Hearing ) | |
| Officer; and P. Felder, Unit Sergeant, ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02.[1] Troy Luke Burks ("Burks"), a pro se state prisoner, has asserted claims pursuant to 42 U.S.C. § 1983 against John R. Pate ("Pate"), Betty E. Albritton ("Albritton"), and P. Felder ("Felder") (collectively "defendants"). The defendants filed a motion to dismiss. Magistrate Judge McCrorey recommends granting the defendants' motion. Burks objected to the Magistrate Judge's recommendation. After review, the court sets this matter for a hearing as set forth below.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

On April 19, 2005, the Magistrate Judge filed the instant Report and Recommendation, in which he recommends granting the defendants' motion to dismiss. The Magistrate Judge found that Burks had not exhausted the administrative remedies available to him with respect to the two claims which remain in this lawsuit. As such, the Magistrate Judge concluded that Burks could not proceed with his § 1983 action under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Burks filed objections to the Report and Recommendation on April 29, 2005, and an Extended Response on June 7, 2005. Construed broadly, Burks' objections are as follows:

1. The exhaustion requirement under the PLRA does not apply to his two pending claims.

2. Even if the exhaustion requirement applies, the administrative remedies available to prisoners were not available to Burks because he was denied the legal and writing materials that he needed to exhaust his remedies.

3. Burks was unable to exhaust his administrative remedies due to certain errors made in processing his grievances.

4. The defendants waived the argument that Burks failed to exhaust his administrative remedies by not raising this argument sooner in the litigation.

A hearing is set for July 25, 2005, at 2:00 p.m., at which time the court will address Burks' objections, hear testimony, if necessary, and review any evidentiary documents submitted by the parties.[2] At the hearing, the court will also address Burks' motion filed on

---

[2] The court notes that the PLRA's exhaustion requirement is an affirmative defense which the defendants have the burden to plead and prove. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 681 (4th Cir. 2005). The defendants have not offered evidence to contravene Burks' claim that the administrative remedies were unavailable to him.

2

May 20, 2005, concerning Burks' access to the courts. Finally, the court denies Burks' motion for appointment of counsel, Document number 87.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 15, 2005