IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Troy Luke Burks, # 160726, ) | |
| ) | CA No. 3:02-4014-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| John R. Pate, Acting Warden; Betty E. ) | |
| Albritton, Disciplinary Hearing Officer; ) | |
| and P. Felder, Unit Sergeant, South ) | |
| Carolina Department of Corrrections, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02[1], and a motion by Troy Luke Burks ("Burks"), a pro se state prisoner, to stop prison officials from denying him access to the courts. In his complaint, Burks asserted claims pursuant to 42 U.S.C. § 1983 against John R. Pate ("Pate"), Betty E. Albritton ("Albritton"), and P. Felder ("Felder") (collectively "defendants"). The defendants filed a motion to dismiss. Magistrate Judge McCrorey construed the motion as one for summary judgment, and he recommends granting the defendants' motion. Burks objected to the Magistrate Judge's recommendation. After a thorough review, the court adopts the

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

recommendation of the Magistrate Judge, dismisses Burks' complaint, and denies Burks' motion concerning his access to the courts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Burks is currently incarcerated at Lieber Correctional Institute, a South Carolina Department of Corrections ("SCDC") facility. Burks alleges that on April 5, 2002, while he was incarcerated at Allendale Correctional Institution ("ACI"), he was attacked in his cell by five other inmates. (Am. Compl. ¶¶ 2-3.) Burks was injured in the attack and treated at the Allendale County Hospital emergency room in Fairfax, South Carolina. (Id. ¶ 11.) To pay Burks' medical bills, prison officials debited funds from his prison trust account. On April 24, 2002, Burks and another inmate were convicted of fighting in a prison disciplinary hearing before Albittron, the disciplinary hearing officer. Burks was placed in administrative segregation.

In his amended complaint filed on January 13, 2003, Burks alleged five claims pursuant to § 1983. On May 20, 2003, the defendants moved for summary judgment on all claims. The court granted the defendants' motion and dismissed all five of Burks' claims. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the court's dismissal of three of the claims, but remanded Burks' claims that (1) Felder deliberately failed to stop the fight once it began ("failure to protect" claim), and (2) prison officials illegally deducted money from Burks' trust account to pay for his medical bills ("illegal deduction" claim). See Burks v. Pate, No. 04-6784, 2005 WL 19485 (4th Cir. Jan. 5, 2005) (unpublished). Burks filed motions for rehearing and rehearing en banc, which the Fourth Circuit denied as untimely on January 31, 2005.

2

On remand, the defendants filed a motion to dismiss, arguing that Burks failed to exhaust his available administrative remedies with respect to the failure to protect and illegal deduction claims. Because matters outside of the pleadings were considered, the Magistrate Judge construed the motion to dismiss as one for summary judgment. Magistrate Judge McCrorey issued the Report on April 19, 2005, and recommends granting the defendants' motion for summary judgment.

Burks filed objections to the Report and Recommendation on April 29, 2005. Burks filed additional objections on June 7, 2005, and a motion "to authorize the M.C.C.I. officials to stop denying access to the courts" (the "access motion") on May 17, 2005. The court held a hearing on July 25, 2005, to address Burks' objections and the access motion.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Magistrate Judge's Report and Recommendation

The Magistrate Judge recommends granting the defendants' motion for summary judgment. The Magistrate Judge found that Burks had not exhausted the administrative remedies available to him with respect to the two remaining claims and thus could not proceed with his § 1983 action under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

### C. Objections

Objections to the report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that many of Burks' objections are non-specific, conclusory, or merely restate his claims. However, the court was able to glean four specific objections.

*1. The exhaustion requirement is inapplicable to Burks' claims.*

Burks' first objection contends that the exhaustion requirement does not apply to his claims. Burks' argument is without merit.

4

In <u>Porter v. Nussle</u>, the United States Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). The Supreme Court's holding in <u>Porter</u> indicates that the exhaustion requirement applies broadly, and courts interpreting <u>Porter</u> and the PLRA have treated it that way. <u>See, e.g.</u>, <u>Arsberry v. Illinois</u>, 244 F.3d 558, 561-62 (7th Cir. 2001) (holding that inmates' failure to exhaust remedies under the PLRA barred action challenging practice by which state prisons and jails granted one telephone company exclusive right to provide inmate telephone service in exchange for a portion of the revenues). Courts have specifically held that a prisoner's claim that a guard failed to protect him from violence at the hands of other prisoners is a "prison condition" for purposes of the exhaustion requirement under the PLRA. <u>See</u> <u>Santiago v. Meinson</u>, 89 F. Supp. 2d 435, 439 (S.D.N.Y 2000). By deciding <u>Porter</u> on February 26, 2002, the Supreme Court clarified the expansive application of the PLRA nine months before Burks filed his complaint in the instant case. Accordingly, the PLRA and <u>Porter</u> required Burks to exhaust the administrative remedies available before bringing this action pursuant to § 1983, and Burks' first objection is without merit.

*2. The administrative remedies were not "available" to Burks.*

Burks' second objection alleges that he was wrongfully placed in administrative segregation and not given writing materials to allow him to exhaust his administrative remedies in a timely fashion. The PLRA's exhaustion requirement is an affirmative defense which the defendants have the burden to plead and prove. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005). Burks' objection that the administrative

remedies were unavailable to him requires the defendants to prove that the administrative remedies were, in fact, available.

To address Burks' objection, the defendants called two witnesses at the hearing on July 25, 2005, Mary Coleman ("Coleman") and Ann Hallman ("Hallman"). Coleman, the SCDC branch chief for inmate grievances, explained the grievance process and gave specific testimony with regard to the ability of a prisoner to file grievances.

Coleman explained that every month a prisoner in segregation receives a hygiene pack which contains, among other things, sixteen sheets of paper, four envelopes, and a pencil. In addition to the contents of the hygiene pack, if a prisoner needs additional materials to file legal mail, the prison provides those materials to the inmate upon request, debiting the prisoner's account for the additional materials. If the prisoner is indigent, as Burks is, the prison authorities keep an account of the additional materials provided at the state's expense to be debited to the prisoner, but furnish the materials regardless of the prisoner's ability to pay. Coleman testified that Burks requested additional legal materials no fewer than (16) times since he was incarcerated in 1997. She testified that he has never been turned down for materials he requested, despite the fact that he currently has a negative balance of $1245.36 in his inmate trust account. Furthermore, Coleman testified that Burks never filed a grievance with respect to the prison's alleged failure to provide sufficient writing materials during the relevant time period, even an "oral grievance" or complaint to the guards.

"When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue

6

for trial." Fed. R. Civ. P. 56(e). Burks could not identify any specific facts to disprove Coleman's testimony. However, Burks testified that he filed a grievance with respect to lacking sufficient materials to exhaust his administrative remedies, but at the hearing he could not specifically identify any grievance in the relevant time period in which he requested, orally or in writing, the materials needed to exhaust his administrative remedies and was denied those materials.[2] Accordingly, Burks has failed to identify specific evidence necessary to create a genuine issue of material fact for trial, and the court finds that Burks' second objection is without merit.

### 3. *Burks effectively exhausted his administrative remedies.*

Burks' third objection is that he attempted to exhaust his administrative remedies, but, because of errors in processing the grievances, he was unable to exhaust the remedies available to him. The defendants have argued that Burks did not file a step-one grievance with regard to the failure to protect claim, and he failed to follow administrative procedures with regard to the illegal deduction claim.

In response, Burks argued at the hearing that he could not file a grievance concerning the failure to protect claim because he lacked the necessary materials. As discussed above,

---

[2]Burks filed a grievance on August 7, 2003, in which he alleged that he needed additional paper, pencils, and envelopes for his legal mail. After being denied relief on the step-one grievance, Burks appealed. The grievance coordinator denied Burks' step-two grievance on the basis that, "Documentation reveals that you were given supplies and have been . . . sending out legal mail on a regular basis." (Obj. at 15 (Step-two Grievance of 12/15/2003).) Regardless, Burks' step-one grievance was filed over eight months <u>after</u> Burks filed the instant complaint on December 30, 2002, so it does not support Burks' argument that he lacked materials to exhaust administrative remedies <u>before</u> filing his complaint. Moreover, the grievance dated December 12, 2002, which Burks attached to his objections, also fails to substantiate his claim that he specifically requested legal writing materials.

Burks failed to identify specific facts supporting his claim that the necessary materials were not available to him, and the defendants provided substantial evidence that Burks had the materials he needed to exhaust his administrative remedies. Therefore, Burks' argument concerning the failure to protect claim is without merit.

Burks' argument concerning the illegal deduction claim is likewise without merit. It is undisputed that Burks filed a step-one grievance concerning this claim. However, Burks admittedly failed to follow administrative procedures in filing his step-two grievance, and, in appealing his step-two grievance, failed to file a brief on time. (Obj. at 3-4.) Again Burks argues that he did not exhaust his remedies in a timely manner due to the fact that he was in administrative segregation and lacked the necessary materials, but Burks fails to allege facts concerning an incident in which he requested materials and was denied those materials. Accordingly, Burks' argument that he attempted to grieve the two claims and effectively exhausted the claims is without merit.[3]

---

[3]In his objections, Burks argues that the administrative law judge ("ALJ") erred in dismissing his appeal on the basis that the ALJ lacked jurisdiction. (Obj. at 4.) However, Burks' argument is unpersuasive, as the ALJ's order to which Burks refers does not concern either of the two pending claims. See Burks v. South Carolina Dept. of Corrs., No. 02-ALJ-04-433-AP, slip op. at 1 (S.C. Admin. Law Judge Div. Aug. 29, 2002) (unpublished). Burks only appealed one of the two pending claims to the ALJ, and the ALJ dismissed the appeal because Burks failed to file his brief before the ALJ on time. See Burks v. South Carolina Dept. of Corrs., No. 03-ALJ-04-136-AP, slip op. at 1 (S.C. Admin. Law Judge Div. Oct. 16, 2003) (unpublished). In his extended objections, Burks asserts that the ALJ erred in dismissing his appeal without addressing the merits. However, as the ALJ dismissed Burks' appeal for failure to file a timely brief, the ALJ did not need to address the merits, and Burks' allegation to the contrary is unpersuasive. (Extended Obj. at 7.)

*4. The defendants waived the exhaustion defense or should be barred
from relying on it because of their actions.*

To the extent Burks argues that the defendants waived the affirmative defense of exhaustion, his argument is without merit. "[A] party's failure to raise an affirmative defense in the appropriate pleading generally results in waiver." Emergency One, Inc. v. Am. Eagle Fire Engine Co., Inc., 332 F.3d 264, 270 (4th Cir. 2003) (internal quotation marks omitted). However, the defendants raised the exhaustion defense under the PLRA as to all five of the original claims in their answer to Burks' amended complaint. (Ans. ¶ 46.) While raising an affirmative defense does not necessarily preserve an affirmative defense, Burks suggests that the defendants abandoned their right to rely on the defense by not raising it their first motion for summary judgment. However, a party is not required to raise each possibly meritorious argument in an initial motion for summary judgment to preserve the argument. Cf. Rogers v. Unionmutual Stock Life Ins. Co., 782 F.2d 1214, 1215, 1217 (4th Cir. 1986) (noting that the defendant moved for and was denied summary judgment on one ground but was correctly granted summary judgment on an alternative basis in a second motion for summary judgment).

Furthermore, a "'defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond.'" Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir.1991) (quoting Lucas v. United States, 807 F.2d 414, 418 (5th Cir.1986)) (internal quotation marks omitted). Burks has not shown that he has been prejudiced by the defendants' reliance on this defense in the instant motion, and he has had more than ample opportunity to respond. Because the defendants

9

properly raised the exhaustion defense in their answer to Burks' amended complaint and Burks has shown no prejudice from their failure to rely on the defense sooner, the court finds that the defendants have not waived the defense.

Moreover, Burks argues that the defendants should be barred from relying on the exhaustion defense due to their actions. Specifically, Burks alleges that the defendants transferred him numerous times so that he might lose or destroy certain documents that he needed to exhaust administrative remedies. Burks' claim is unpersuasive because, even if Burks could show some sinister motivation for transferring him, Burks does not allege that any of the documents that he needed to substantiate and exhaust his claims were either lost or destroyed. Therefore, this allegation is without merit, and, after a thorough review of the Report and Recommendation, the court adopts the Report and grants the defendants' motion for summary judgment.

Finally, with regard to the access motion, Burks had an opportunity at the hearing to testify and provide specific evidence concerning his allegations that prison officials were denying him access to the courts by not providing the materials from the law library which he needed to respond to the Report and Recommendation. At the hearing, Burks provided no details concerning which legal materials he needed and had not received. As he fully responded to the Report and Recommendation and did not allege at the hearing that he needed additional materials to respond further, Burks' motion is moot. To the extent that Burks argues that he needs legal materials to prepare for trial, Burks' motion is moot because the court grants the defendants' motion for summary judgment. Therefore, Burks' motion is denied.

Therefore, it is

**ORDERED** that the defendants' motion for summary judgment, Document number 65, is granted. It is further

**ORDERED** that Burks' motion, Document number 84, is denied.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
August 5, 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.